UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-CV-00648-FDW-SCR

| | |
|---|---|
| RYAN ZHANG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| AMAZON.COM, ET AL, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss, (Doc. No. 4), and Plaintiffs "Amend Complaint," (Doc. No. 10).

While Plaintiff's attempt to unilaterally amend his complaint is untimely pursuant to Fed. R. Civ. P. 15(a), the Court construes the filing as seeking leave of court to file an Amended Complaint. Pursuant to Fed. R. Civ. P. 15(b), which directs that the court should freely give" leave to amend "when justice so requires," and to ensure the just, speedy, and inexpensive determination of this proceeding pursuant to Fed. R. Civ. P. 1, the Court will GRANT Plaintiff the ability to file an Amended Complaint.

Accordingly, the Court directs Plaintiff to file a *complete* Amended Complaint that sets forth *all* claims and allegations against the parties he seeks to sue. Because this Amended Complaint will replace the prior Complaint, (Doc. No. 1), and the "Amend Complaint," (Doc. No. 10), as the operative pleading in this case, Plaintiff cannot simply add to the prior pleadings and must restate any prior allegation he intends to pursue within the Amended Complaint. The Amended Complaint must be filed no later than December 1, 2023.

1

In light of this ruling, the Court informs Plaintiff that he must properly serve all Defendants with Summons and the new Amended Complaint, and proof of service should be filed on the docket. Plaintiff is cautioned that failure to comply with these directives and within the deadlines set forth herein may result in summary dismissal of the claims without prejudice.

Finally, because the Court allows an amended complaint, the Court DENIES AS MOOT the pending Motion to Dismiss.[1] Counsel for Defendants is reminded of this Court's standing orders, including the Initial Scheduling Order, which sets forth deadlines for filings of responsive pleadings and instructs that filing preliminary motions pursuant to Rules 12(b)(3),(6), and (7) do not toll the time required to plead an answer, counterclaims, and/or third-party complaint.

**IT IS THEREFORE ORDERED** that the Court GRANTS Plaintiff leave of court to amend the complaint, and the Amended Complaint must be filed no later than December 1, 2023.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss, (Doc. No. 4), is DENIED AS MOOT.

**IT IS SO ORDERED.**

Signed: November 8, 2023

Frank D. Whitney
United States District Judge

---

[1] "The general rule . . . is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect." Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001); see also Fawzy v. Wauquiez Boats SNC, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.' "); Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Ledford v. Eastern Band of Cherokee Indians, No. 1:20-CV-005-MR-DCK, 2020 WL 1042235 at 1 (W.D.N.C. March 3, 2020) ("It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot").